## DAVENPORT v. MITCHELL et al.

No. 6696.  Opinion Filed February 29, 1916.

(155 Pac. 869.)

1. **INDIANS—Proof of Age—Census Card—Enrollment Records.**
Where a properly certified "census card" is admitted in evidence without objection as the "enrollment record," it is conclusive evidence of the age of the allottee therein named as to transactions subsequent to the taking effect of the act of Congress approved May 27, 1908 (chapter 199, 35 Stat. 312).

2. **TRIAL—Refusal of Instructions Covered.** Record examined, and held: (1) The evidence is sufficient to support the judgment; (2) the instructions correctly state the law.

(Syllabus by Bleakmore, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by R. G. Davenport against Leora Mitchell and husband. Judgment for defendants, and plaintiff brings error. Affirmed.

*C. T. Huddleston,* for plaintiff in error.

*J. G. Schofield, C. E. McLees,* and *R. A. Hockensmith,* for defendants in error.

Opinion by BLEAKMORE, C.   This action was commenced on March 23, 1911, in the district court of Okfuskee county by the plaintiff in error as plaintiff against the defendants in error as defendants, to quiet title to certain lands alleged to have been allotted, and for which patents duly issued, to defendant Leora Mitchell as a Creek freedman, and thereafter conveyed by her to parties by and through whom the same were subsequently conveyed to the plaintiff, who was in possession thereof. Defendant answered, and by way of cross-petition alleged that she was

a minor in the year 1909, the date of one of the convey-
ances under which plaintiff claims; and that all of said
conveyances purporting to have been made by her were
forgeries; that she was the owner and entitled to posses-
sion of the premises; and praying the cancellation of said
conveyances, etc.    In August, 1913, plaintiff dismissed his
petition, and on December 6th thereafter was permitted to
answer the cross-petition of defendant.    On December
11th, defendant amended her cross-petition, praying for
damages for withholding the possession of said premises
against her.    The cause was tried to a jury as an action
of ejectment and to quiet title, defendant assuming the
burden of proof.    There were introduced in evidence the
deeds or patents of the Creek Nation conveying the lands
involved to the defendant, and also the following convey-
ances:    A deed purporting to have been executed by Leora
Mitchell and Charlie Mitchell to one E. H. Andrews, of
date October 2, 1909; a deed purporting to have been
executed by Leora Grayson to E. J. Brown, of date Octo-
ber 10, 1910; a deed purporting to have been executed by
defendant to the plaintiff, of date August 25, 1913; a deed
of November 30, 1911, by Angie L. De Shazo to R. G.
Davenport; a deed of date October 23, 1910, from E. J.
Brown to R. G. Davenport; a deed of date June 21, 1911,
purporting to have been executed by Leora Grayson to
J. M. Milum.

For the purpose of establishing the age of defendant
at the time of the execution of the first of said deeds
alleged to have been executed by her, there was admitted
in evidence, without objection, as the enrollment record of
the Commissioner to the Five Civilized Tribes, a Creek
freedman census card, properly certified, showing the en-
rollment of defendant as a Creek freedman citizen, by

which it appears that she was under the age of 18 years at the date of said conveyance. There was also introduced on behalf of defendant, and by consent of plaintiff, a transcript of a judgment in the district court of Okfuskee county, rendered October 17, 1910, in a certain cause wherein one Angie L. De Shazo was plaintiff and J. M. Milum was defendant, but to which defendant was not a party, wherein it was adjudged that the said Angie L. De Shazo was the owner and entitled to the possession of the lands involved herein, and title thereto quieted in her, and the defendant therein, Milum, and those claiming under him were enjoined from thereafter asserting any right, title, or interest in said premises. Upon the question of the forgery of the conveyances purporting to have been executed by defendant, the evidence is sharply conflicting; defendant testifying that she had at no time executed any deed to said land. The court instructed the jury:

"Instruction No. 1. The cross-petitioner Leora Mitchell claims to be the owner of the land involved in this lawsuit, by virtue of being a citizen of the Creek Nation, under allotment deeds issued to her; that she is entitled to immediate possession thereof; that Davenport wrongfully withholds from her that possession, for which he is liable to her for a fair rental value during the time he has kept her out of possession; that the deeds under which he claims, registered copies of which have been offered in evidence by both sides, so far as the same purport to have been executed by her are forgeries; that she never in fact executed the deeds to Davenport or to any one else. She having assumed the position of plaintiff by virtue of the allegations of her cross-petition, the burden of proof is upon her to show these facts, and, until she does so by a fair preponderance of the evidence, she would not be entitled to prevail. * * * In regard, however, to the deed of

October 2, 1909, the cross-petitioner has introduced the rolls of the Dawes Commission to show that at that date she was a minor under the age of 18 years. The court instructs you that as a matter of law in this state, by virtue of an act of Congress, the rolls of the Dawes Commission are conclusive as to the age of allottees of the Creek Nation, and if she was under the age of 18 years as shown by said rolls, on October 2, 1909, the deed executed on that date would be a nullity and would convey no title from Leora Mitchell, and therefore Davenport could not claim any interest in the land by virtue of that deed.

"Instruction No. 2. If you find the issues in favor of the plaintiff R. G. Davenport, that is all you need to say. But if, on the other hand, you believe by a fair preponderance of the evidence that the deeds purporting to convey title from Leora Mitchell are in fact forgeries and were never executed by her, then you should find for the cross-petitioner; and, in case you find for the cross-petitioner, Leora Mitchell, then it would be your duty to fix her damages at such sum as you believe is a fair rental value of the property as shown by a fair preponderance of the evidence, during the time the plaintiff Davenport has kept her out of possession."

Plaintiff complains of the giving of instruction No. 1, relative to the force and effect of the census card introduced in evidence. The particular conveyance referred to therein was made after the taking effect of the act of Congress approved May 27, 1908 (35 St. at L. 312, c. 199).

"There are many instances where the census card constitutes substantially the complete enrollment record. In such cases, it is admissible as conclusive evidence as to age, not as a census card, but as 'the enrollment record,' where so certified by the proper officer." (Scott v. Brakel et al., 43 Okla. 655, 143 Pac. 510.)

The instruction correctly stated the law applicable.

Plaintiff assigns as error the refusal of the court to instruct the jury at his request as follows:

"You are further instructed that, if you find Leora Jones or Grayson executed and delivered the deeds to J. M. Milum introduced in evidence in this case, then you should return a verdict for plaintiff R. G. Davenport."

The judgment of the district court of Okfuskee county, to which defendant was not a party or a privy in interest, was irrelevant and conclusive of no issue presented in this case.

To sustain the allegations of her cross-petition, the defendant relied upon her patents from the Creek Nation, and the fact that she had not parted with the title to the land thus vested in her. It will be observed that the plaintiff Davenport deraigned title to the premises in controversy through defendant, by virtue of certain deeds thereto alleged to have been executed by her, and the subsequent conveyances offered in evidence in which said lands are described. The sole question necessarily presented for determination was whether or not defendant had, in fact, executed the deeds in evidence purporting to have been made by her. If she had not, and such conveyances were forgeries and void, then the source of plaintiff's claim of title and only defense to her cross-petition failed.

This issue was fully submitted to the jury by the instructions given. The matter embraced in the requested instruction being covered by the general charge, the refusal of the court to give such requested instruction was proper.

The judgment should be affirmed.

By the Court:   It is so ordered.